1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KEITH WRIGHT,                              No.  2:16-cv-1858 MCE CKD PS

12              Plaintiff,

13        v.                                    ORDER

14   BANK OF AMERICA, et al.,

15              Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief under the civil RICO

18   statute and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19   proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

21   1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

23   1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

24   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

25   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

27   of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

28   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

                                            1

1    the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

2    1915(b)(2).

3        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the

4    action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted,

5    or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C.

6    § 1915(e)(2).   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

7    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

8    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

9    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

10   490 U.S. at 327.

11       A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

12   which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

13   support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467

14   U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

15   Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

16   this standard, the court must accept as true the allegations of the complaint in question, Hosp.

17   Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

18   most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.

19   McKeithen, 395 U.S. 411, 421 (1969).

20       The court finds the allegations in plaintiff's complaint so vague and conclusory that it is

21   unable to determine whether the current action is frivolous or fails to state a claim for relief.  The

22   court has determined that the complaint does not contain a short and plain statement as required

23   by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a

24   complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones

25   v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least

26   some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.

27   Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the

28   complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

1    In amending the complaint, plaintiff is advised of the following.  To state a cause of action

2    under 18 U.S.C. § 1962(c), a plaintiff must allege the elements that comprise a RICO violation:

3    "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.... In addition,

4    the plaintiff only has standing if, and can only recover to the extent that, he has been injured in his

5    business or property by the conduct constituting the violation."  Sedima, S.P.R.L. v. Imrex Co.,

6    Inc., 473 U.S. 479, 496.  Under 18 U.S.C. § 1961(5), a pattern of racketeering activity requires at

7    least two predicate acts of racketeering activity, the last of which occurred within ten years of a

8    predicate act previously committed by the defendant enterprise.   Section 1961(1) enumerates the

9    federal and state criminal offenses that may constitute a predicate act of racketeering activity.

10    In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

11    make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

12    complaint be complete in itself without reference to any prior pleading.  This is because, as a

13    general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

14    F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

15    longer serves any function in the case.  Therefore, in an amended complaint, as in an original

16    complaint, each claim and the involvement of each defendant must be sufficiently alleged.

17    In accordance with the above, IT IS HEREBY ORDERED that:

18    1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

19    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

20    is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §

21    1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

22    Director of the California Department of Corrections and Rehabilitation filed concurrently

23    herewith.

24    3.  Plaintiff's complaint is dismissed.

25    4.  Plaintiff is granted thirty days from the date of service of this order to file an amended

26    complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the

27    Local Rules of Practice; the amended complaint must bear the docket number assigned this case

28    and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the

3

1    amended complaint; failure to file an amended complaint in accordance with this order will result

2    in a recommendation that this action be dismissed.

3    Dated:  August 11, 2016

4                                                         _____
                                                          CAROLYN K. DELANEY
5                                                         UNITED STATES MAGISTRATE JUDGE

6    4 wright1858.ifp-lta

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28