UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH WRIGHT,

        Plaintiff,

  v.

BANK OF AMERICA, et al.,

        Defendants.

No. 2:16-cv-1858 MCE CKD PS

ORDER

       Plaintiff is a state prisoner proceeding pro se and in forma pauperis. Plaintiff has filed a second amended complaint in which he seeks relief under the civil RICO statute.

       The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

       A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

1    support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467
2    U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt
3    Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under
4    this standard, the court must accept as true the allegations of the complaint in question, Hosp.
5    Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light
6    most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.
7    McKeithen, 395 U.S. 411, 421 (1969).

8        The court finds the allegations in plaintiff's complaint so vague and conclusory that it is
9    unable to determine whether the current action is frivolous or fails to state a claim for relief.  The
10   court has determined that the complaint does not contain a short and plain statement as required
11   by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a
12   complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones
13   v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least
14   some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.
15   Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the
16   complaint must be dismissed.  The court will, however, grant leave to file a second amended
17   complaint.

18       In amending the complaint, plaintiff is again advised of the following.  To state a cause of
19   action under 18 U.S.C. § 1962(c), a plaintiff must allege the elements that comprise a RICO
20   violation: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.... In
21   addition, the plaintiff only has standing if, and can only recover to the extent that, he has been
22   injured in his business or property by the conduct constituting the violation."  Sedima, S.P.R.L. v.
23   Imrex Co., Inc., 473 U.S. 479, 496.  Under 18 U.S.C. § 1961(5), a pattern of racketeering activity
24   requires at least two predicate acts of racketeering activity, the last of which occurred within ten
25   years of a predicate act previously committed by the defendant enterprise.   Section 1961(1)
26   enumerates the federal and state criminal offenses that may constitute a predicate act of
27   racketeering activity.  The amended complaint fails to set forth all of the elements of a cause of
28   action under RICO.  Plaintiff fails to set forth a predicate act or a pattern of racketeering activity.

1  As presently pled and as has been pled in each of plaintiff's prior complaints, it appears plaintiff's
2  claim is only for a state cause of action for fraud. Such a claim should be brought in state court.
3  In the absence of some basis for subject matter jurisdiction in this court, a complaint which
4  alleges only state law claims cannot proceed in this venue.

5      In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
6  make plaintiff's amended complaint complete. Local Rule 220 requires that an amended
7  complaint be complete in itself without reference to any prior pleading. This is because, as a
8  general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375
9  F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no
10 longer serves any function in the case. Therefore, in an amended complaint, as in an original
11 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

12     In accordance with the above, IT IS HEREBY ORDERED that:
13     1. Plaintiff's second amended complaint is dismissed.
14     2. Plaintiff is granted thirty days from the date of service of this order to file a third
15 amended complaint that complies with the requirements of the Federal Rules of Civil Procedure,
16 and the Local Rules of Practice; the third amended complaint must bear the docket number
17 assigned this case and must be labeled "Third Amended Complaint"; plaintiff must file an
18 original and two copies of the second amended complaint; failure to file a third amended
19 complaint in accordance with this order will result in a recommendation that this action be
20 dismissed without prejudice.

21 Dated: November 18, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

24 4 wright1858.lta3